IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL L. RUNG and <br> PETER RUNG <br>     Plaintiffs, <br><br> v. <br><br> PITTSBURGH ASSOCIATES, L.P. <br> and C.B. RICHARD ELLIS/ <br> PITTSBURGH, L.P., <br>     Defendants. | Civil Action No. 09-0670 |

MEMORANDUM

Gary L. Lancaster                                              October 20, 2011
Chief Judge.

      This is a personal injury action. The Rungs' slip and fall claim has been settled and only cross-claims for indemnity between the two co-defendants remain. Both Pittsburgh Associates, L.P. and C.B. Richard Ellis/Pittsburgh, L.P. have filed a motion for summary judgment asking this court to rule as a matter of law that the other has a duty to indemnify it. [doc. nos. 39, 56]. For the reasons set forth below, we find that C.B. Richard Ellis must indemnify Pittsburgh Associates. Accordingly, we enter judgment in Pittsburgh Associate's favor, and close the case.

I.  FACTUAL BACKGROUND

The material facts are not in dispute. On September 9, 2007, while attending a Pittsburgh Pirates baseball game, Cheryl Rung slipped and fell on a wet floor in a restroom at PNC Park. Mrs. Rung is a resident of Florida and was in Pittsburgh visiting family members when she was injured. Mrs. Rung and her husband sued both Pittsburgh Associates, L.P., d/b/a The Pittsburgh Pirates ("the Pirates"), and C.B. Richard Ellis/Pittsburgh ("CBRE"), the company hired to manage, operate, maintain, and service PNC Park on behalf of the Pirates. The Rungs accepted a settlement offer and executed a full and final release of their claims in March of 2010. Both the Pirates and CBRE contributed funds toward the settlement of the Rungs' personal injury claims. The parties have not provided any information to the court as to whether either party's insurance carrier contributed funds toward the settlement.

The Pirates and CBRE filed cross-claims alleging that the other had the duty to indemnify it under a Facility Maintenance and Leasing Agreement signed in February of 2007 (the "FMLA"). [doc. no. 42, Ex. 4 ("FMLA")]. Now the Pirates and CBRE ask this court to determine which party has the contractual duty under the FMLA to indemnify the other for the contribution it made to settle the Rungs' claims, as well as related costs and attorneys' fees. Although the Florida

plaintiffs have been terminated and the co-defendants are not themselves diverse, we retain ancillary jurisdiction over these cross-claims. Fairview Park Excavating, Inc. v. Al Monzo Construction Comp., Inc., 560 F.2d 1122 (3d Cir. 1977); see also Cardinal Health 110, Inc. v. Kuzy's Drug Store, Inc., 2008 WL 339526 (W.D. Pa. Feb. 4, 2008).

II. LEGAL AUTHORITY

    A. Summary Judgment Law

The court shall grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party meets its burden of proving that no genuine issue of material fact exists, then the nonmoving party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'". See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000) (citing cases).

B. Contract Law

Pennsylvania law assumes that the intent of the parties to a written contract is "contained in the writing itself." Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 613 (3d Cir. 1995) (quoting Hullett v. Towers, Perrin, Forster & Crosby, Inc., 38 F.3d 107, 111 (3d Cir. 1994)).[1] As such, where a contract is clear and unambiguous, a court is to look only to the express language of the agreement to determine the parties' intent. Atkinson v. LaFayette College, 460 F.3d 447, 452 (3d Cir. 2006). Extrinsic evidence is inadmissible to explain or vary the terms of a contract that is determined to be unambiguous and to represent the entire agreement between the parties. Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 436-37 (Pa. 2004).

---

[1] The parties agree that Pennsylvania law applies. See FMLA at § 13.11.

To determine if an ambiguity exists, the court is to consider "the words of the contract, the alternative meaning suggested by counsel, and the nature of the objective evidence to be offered in support of that meaning." Mellon Bank, N.A. v. Aetna Bus. Credit, Inc., 619 F.2d 1001, 1011 (3d Cir. 1980). If contractual language is subject to only one reasonable interpretation, then the contract is unambiguous and a court can interpret its meaning as a matter of law. Arnold M. Diamond, Inc. v. Gulf Coast Trailing Co., 180 F.3d 518, 521 (3d Cir. 1999).

III. DISCUSSION

As an initial matter, we find that the FMLA is an unambiguous contract. Therefore the court may interpret it as a matter of law. Although not dispositive, we note that both parties contend that the FMLA is an unambiguous contract. That the parties do not agree on how to interpret the FMLA does not render it ambiguous. Duquesne Light Co., 66 F.3d at 613 (citations omitted).

Rather, in deciding whether a contract is ambiguous, we are to consider the "words of the contract, the alternative meaning suggested by counsel, and the nature of the objective evidence to be offered in support of that meaning." Mellon Bank, 619 F.2d at 1011. Upon doing so in this case, we conclude

that the FMLA is a complete, comprehensive, clear, and unambiguous written agreement establishing and governing the relationship between the Pirates and its facilities manager and leasing agent, CBRE. As a result, we can, and will, interpret the FMLA as a matter of law. Yocca, 854 A.2d at 436.

In addition, we also find that the FMLA is a fully integrated agreement. The FMLA includes a clause, entitled "Entire Agreement" which explicitly states that "[t]his agreement contains the entire agreement between the parties and supersedes all prior oral or written agreements, understandings, representations and covenants…" FMLA at § 13.9. We find this clause to be a valid integration clause under Pennsylvania law. Yocca, 854 A.2d at 436-37. Although the presence of an integration clause is not dispositive, under the circumstances of this case, given the detail and complexity of the FMLA, we conclude that it is a fully integrated contract. As a result, the parole evidence rule applies and we will not consider any extrinsic evidence to explain or vary the terms of the contract. Therefore, we have disregarded those portions of CBRE's brief [doc. no. 57] and statement of material facts [doc. no. 58] that discuss the negotiation and drafting of the FMLA.

We turn now to the question of which party must indemnify the other for the contribution it made toward settlement of the Rungs' claims. To answer this query, we first review the Rungs' Complaint. In it, Cheryl Rung brought one personal injury count against the Pirates and CBRE, and Peter Rung brought one loss of consortium count against the Pirates and CBRE. In both counts, the Rungs allege that the Pirates and CBRE acted "carelessly, negligently, recklessly, and wantonly," resulting in injury to Mrs. Rung. [doc. nos. 1 and 32 at ¶¶ 29, 31, 33, 34, 37, and 38].

The FMLA clearly and unequivocally states that if a claim arises out of CBRE's "recklessness", then CBRE has a duty to indemnify the Pirates. FMLA at §§ 9.1, 9.2. Because the Rungs' complaint alleges that CBRE acted recklessly, CBRE has a duty to indemnify the Pirates under the FMLA. The fact that the Rungs also accused the Pirates of acting recklessly is immaterial under the FMLA. The agreement does not address the indemnity obligations of the parties where both are accused of acting recklessly.

Although neither party acknowledges it, the Rungs' allegation that CBRE acted recklessly is determinative under the terms of the FMLA. As such, their extensive briefing discussing the insurance structure of the FMLA and its relationship to the indemnity structure of the FMLA, and debating concepts such as "professional negligence," "inherent and operational hazards," and performance of facilities management services in a "professional and diligent manner" are superfluous. Under the FMLA, once an allegation of recklessness is made against CBRE, CBRE must indemnify the Pirates, regardless of the outcome of the case. The only exception is that CBRE is entitled to reimbursement of its defense costs from the Pirates if CBRE is eventually exonerated of an accusation of recklessness. However, for that exception to apply, CBRE must obtain a "final judgment of a court of competent jurisdiction" that it was not reckless. FMLA § 9.2. Because the Rungs' claims were settled, no such relief, even if CBRE had proven that this provision was otherwise applicable, which it did not, is available to CBRE. Therefore, under the FMLA, CBRE has a duty to indemnify the Pirates for the contribution it made toward settlement of the Rungs' claims.

Even if the Pirates were required to indemnify CBRE, which we have found they are not, CBRE would still ultimately bear the costs of the Rung settlement if it was the Pirates' insurance company that funded the settlement. Under the FMLA, CBRE must reimburse the Pirates' insurance company for "…any loss, cost or expense incurred… arising out of any claim resulting from [CBRE's Article IV duties]". FMLA § 9.3. CBRE's Article IV duties are to manage, operate, repair, maintain, and service PNC Park, i.e., to provide facilities management services. FMLA §§ 4.1(a), 4.4(a), 4.5(a), 4.6. Specifically included among CBRE's facilities management responsibilities is the duty to provide janitorial services. FMLA § 4.2.

To be clear, facilities management is not the only duty CBRE has under the FMLA. For instance, in addition to providing facilities management services, CBRE is also the Pirates' exclusive leasing agent for PNC Park, for which it receives a substantial commission. FMLA § 3.1. Therefore, the FMLA's requirement that CBRE reimburse the Pirates' insurance carrier for payments made on claims relating to CBRE's facilities management services is intended to cover only a specific sub-set of claims. The Rungs' claims, which arise out of a fall on a wet floor inside a restroom at PNC Park, are within that sub-set. As such, even if the Pirates had the duty to indemnify CBRE, which we have concluded they do not, CBRE

would nevertheless have to reimburse the Pirates' insurance carrier to the extent that the insurer made any expenditures in the defense or settlement of the Rungs' claims.[2]

In any event, because we have determined that CBRE has the duty to indemnify the Pirates due to the Rungs' allegations of recklessness, CBRE must also reimburse the Pirates for "disbursements incurred in connection [with this case] and for its reasonable attorneys' fees, as fixed by the court." FMLA § 13.6. The Pirates have requested an award of fees and expenses in the amount of $12,247.82. The court has reviewed the documents filed in support of the Pirates' request, and finds that this amount is reasonable and appropriate.

Finally, the Pirates have also requested an award of prejudgment interest. [doc. nos. 39, 40]. Although the Pirates failed to include any briefing on this issue, because the law is clear, we will award prejudgment interest. Under Pennsylvania law, which we apply in a diversity case, an award of prejudgment interest, at the rate of 6% per year, is a legal right in a breach of contract action. 41 P.S. § 202; <u>Jarvis v. Johnson</u>,

---

[2] Because the parties have not provided the court with any information regarding insurance coverage for the Pirates' contribution toward the settlement of the Rungs' claims, we cannot determine whether this provision would actually apply. However, because we have concluded that CBRE has the duty to indemnify the Pirates this issue is not material. Moreover, we note that the parties agreed in the FMLA to waive any right of recovery against the other to the extent a loss was covered by insurance, regardless of which party was at fault. FMLA § 7.4. Again, because the parties have provided no information regarding insurance coverage, and neither party has asserted the protections of this section of the agreement, we cannot determine whether this section applies either.

668 F.2d 740, 746 (3d Cir. 1982); Gold & Co., Inc. v. Northeast Theater Corp., 421 A.2d 1151, 1154 (Pa. Super. Ct. 1980) (citing Palmgreen v. Palmer's Garage, Inc., 117 A.2d 721, 722 (Pa. 1955)); West Republic Mining Co. v. Jones & Laughlins, 108 Pa. 55, 68 (1884).

In this case, the Pirates are entitled to an award of prejudgment interest for the time period between March 1, 2010, when the Rungs signed the full and final release, and the date of this judgment. Because the FMLA explicitly provides for the recovery of costs and attorneys' fees as part of the breach of contract case, we have included those amounts in our calculation of prejudgment interest.

IV.  CONCLUSION

For the forgoing reasons, we find that CBRE has a duty to indemnify the Pirates for the contribution it made toward the settlement of the Rungs' claims and to reimburse the Pirates for its costs and fees. As such, we will grant Pittsburgh Associates' motion for summary judgment, enter judgment in its favor, and close the case.[3]

---

[3] Sadly, even with this win, the Pirates are unable to close out the year above .500.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL L. RUNG and<br>PETER RUNG<br>    Plaintiffs,<br><br>    v.<br><br>PITTSBURGH ASSOCIATES, L.P.<br>and C.B. RICHARD ELLIS/<br>PITTSBURGH, L.P.,<br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 09-0670<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 20 day of October, 2011, it is HEREBY ORDERED that Pittsburgh Associates, L.P.'s motion for summary judgment [doc. no. 39] is GRANTED and that judgment is entered in favor of Pittsburgh Associates on its cross-claim against C.B. Richard Ellis/Pittsburgh in the amount of $37,247.82, plus $3,666.09 in prejudgment interest, for a total award of $40,913.91 It is FURTHER ORDERED that C.B. Richard Ellis/Pittsburgh, L.P.'s cross-motion for summary judgment [doc. no. 56] is DENIED; and

The Clerk of Court is directed to mark this case closed.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record